**CLEVELAND (City) (Cleveland Transit System), Plaintiff-Appellant, v. LANGENAU MFG. CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22981. Decided July 1, 1954.

Wilmot, Baskin, Lausche & Kelley, Cleveland, Robt. Mooney, John G. Cardinal Cleveland, for plaintiff-appellant.

Strangward & Lloyd, Cleveland, Donald M. Marshman, Cleveland, for defendant-appellee.

(DOYLE PJ, HUNSICKER J, STEVENS J, of the Ninth District sitting by designation in the Eighth Appellate District.)

## OPINION

By DOYLE, PJ.

The present appeal stems from a proceeding commenced and completed in the Common Pleas Court of Cuyahoga county to assess compensation for a manufacturing plant and the land upon which it is located, to be taken by condemnation for the purpose of providing right of way facilities for a street car line to be constructed by the City of Cleveland through its transit system.

The extent and nature of the property to be acquired, and the occasion for taking private property for public use, have all been established in compliance with law. The sole question before this court is whether it is reversible error for the trial court to have admitted certain challenged evidence, and to have instructed the jury as it did.

The property condemned is owned by the Langenau Manufacturing Comany located at 3403 Franklin Avenue, Cleveland, Ohio. It is occupied and used by the company as a manufacturing plant. The jury awarded $350,000 as compensation and an appropriate judgment was thereupon entered. This judgment forms the basis of the appeal. The City of Cleveland is the appellant, and claims error prejudicial to its rights.

We have not only read the large record of evidence presented in this appeal, but have likewise examined with utmost care the charge of the court.

We are of the opinion that the court's charge is in obedience to the various pronouncements of the Supreme Court of this state and the better authorities in other states. Market value is, in this state, and is by the great. weight of authority, the standard for measuring compensation to the owner of appropriated real property. Market value is not necessarily an end in and of itself however but is merely a means to an end; the ultimate object being the ascertainment of just compensation.

Many appropriation cases deal with land which is of such a kind and so situated as to be available for sale in the ordinary course of dealing. Not usual, however, are the cases where an operating manufacturing plant of long standing is appropriated as is the case here before us.

In recently decided cases, the Supreme Court of this state has erected several guides to chart the course toward the ultimate question of just compensation.

**Paragraph 3** of the syllabus in **In Re Appropriation of Superintendent of Public Works: Sowers, Supt., v. Schaeffer et, 155 Oh St 454,** is as follows:

"3. The rule of valuation in a land appropriation proceeding is not what the property is worth for any particular use but what it is worth generally for any and all uses for which it might be suitable, including the most valuable uses to which it can reasonably and practically be adapted."

In **Langenau Mfg. Co. v. City of Cleveland, 159 Oh St 525,** the Supreme Court, speaking in referrence to the identical property here under consideration, said:

"3. It is the duty of the court in an appropriation proceeding to afford the property owner the right to fully show the extent and character of the real estate proposed to be taken and its maximum value for any purpose for which its use is. available, including the use which is presently made of it.

4. The issue of the true value in money of property to be appropriated for public use is exclusively within the jurisdiction of the court in the appropriation proceeding, and such court has unquestioned authority to determine the value of the property sought to be taken to the full extent of the constitutional rights of its owner therein.

(a) In estimating the value of the property taken or injured, as the measure of damages every element which affects or causes a depreciation in the value of the property may be considered. Consideration may be given to the uses to which the property might be applied before and after the taking or injury, or to which it was devoted by the owner at the time of the taking, as having a special value to him * * * (Quoting from 30 C. J. S. Eminent Domain, Sec. 446 at page 188.)

(b) It is the duty of the court in the appropriation proceeding to afford Langenau the right to fully show the extent and character of the real estate proposed to be taken and its maximum value for any purpose for which its use is available, including the use which is now made of it."

It appears to the members of this court that the interpretation placed upon the pronouncements of the Supreme Court by the trial court were not erroneous, and that no prejudicial error is shown in respect to the court's charge to the jury.

Passing now to the other claims of error, including the wrongful admission of testimony, we find no error of a prejudicial character to exist

here. The witnesses were competent to testify and the weight to be given their testimony was for the jury.

The judgment is affirmed. Exceptions noted. Order see journal.

STEVENS J, HUNSICKER J, concur.